UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADEMAR A. MARQUES,<br><br>        Plaintiff,<br><br>v.<br><br>WELLS FARGO HOME MORTGAGE,<br>INC. dba AMERICA'S SERVICING CO.,<br><br>        Defendant. | Civil No. 09-CV-1985-L(RBB)<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS** |

In this mortgage foreclosure action, Defendant filed a motion to dismiss the first amended complaint. Plaintiff opposed the motion and Defendant replied. For the reasons which follow, Defendant's motion is **DENIED**.

According to the first amended complaint, Plaintiff was the owner of the property located at 4431 Paola Way in San Diego ("Property"). The Property was a single-family residence and Plaintiff's primary residence. In September 2005 Plaintiff refinanced the mortgage on the Property. Plaintiff alleges that at the time of the refinance, he was deceived by Centex Home Equity Co., LLC regarding the true nature and ramifications of the loan. Defendant Wells Fargo Home Mortgage, Inc. dba America's Servicing Company is the servicer on the loan.

Plaintiff defaulted on the loan, a notice of default was recorded, the Property was sold, and on December 8, 2008 a Trustee's Deed upon Sale was recorded. The sale, however, was rescinded and Plaintiff remained the trustor and assessed owner of the Property.

On or about April 13, 2009 Defendant entered into the Commitment to Purchase Financial Instrument and Servicer Participation Agreement for the Home Affordable Modification Program under the Emergency Economic Stabilization Act of 2008 ("HAMP Agreement") with Federal National Mortgage Association ("Fannie Mae") and agreed to perform certain loan modification and foreclosure prevention services for eligible loans.

On July 17, 2009 Plaintiff came into possession of a copy of an unrecorded Notice of Trustee's Sale with an August 6, 2009 sale date, which appears to have prompted the filing of this action. Plaintiff subsequently filed a complaint in San Diego County Superior Court alleging breach of the HAMP Agreement on the theory that he is a third-party beneficiary under California Civil Code Section 1559, that his loan was eligible for modification, Defendant refused to offer to modify it under the HAMP Agreement, but instead commenced foreclosure proceedings. Defendant removed the action to this court based on federal question jurisdiction pursuant to 28 U.S.C. Section 1331 and diversity jurisdiction pursuant to 28 U.S.C. Section 1332.

After removal, Defendant moved to dismiss the complaint, arguing that Plaintiff was not an intended third-party beneficiary of the HAMP Agreement so as to be able to enforce it. By order field August 12, 2010 the court held that Plaintiff was an intended third-party beneficiary ("Order").[1] However, the complaint was dismissed with leave to amend because it lacked sufficient factual allegations regarding Plaintiff's request for loan modification and Defendant's consideration of the request.

Plaintiff timely filed an amended complaint, alleging that in August 2009 he requested loan modification from Defendant pursuant to the HAMP Agreement and provided the requisite financial information. On November 5, 2009 Defendant's counsel informed Plaintiff's counsel that Plaintiff had been given a modification. The offer included a three-month initial modification and set forth the monthly payment amount, "with a review for full modification

---

[1] Defendant's invitation that the court *sua sponte* reconsider the Order (*see* Def.'s Mem. of P.&A. at 6-7 & n.3) is declined.

after successful completion of the plan." (First Am. Compl. at 6.) It set a new interest rate for the remaining term of the loan and indicated the first payment would likely be due December 1, 2009. Plaintiff accepted the offer and requested documents to formalize the modification. (*Id.*)

However, the document provided by Defendant was a Stipulated Partial Reinstatement/Repayment Agreement ("Reinstatement") and not a modification. It merely provided a forbearance rather than modified the terms of the loan. Plaintiff did not accept the Reinstatement but timely sent a check in the amount of the first payment as indicated in Defendant's modification offer. On December 2, 2009 Defendant's counsel informed Plaintiff's counsel that Plaintiff was not eligible for modification and returned Plaintiff's check.

On January 8, 2010 Plaintiff inquired with Defendant whether the foreclosure sale could be further postponed, but Defendant indicated that the Reinstatement was the only offer, and that any new request "would restart the review process." Plaintiff then requested to restart the process.

Subsequently, Defendant indicated that the Property would be foreclosed. On March 23, 2010 Plaintiff contacted Defendant regarding his options to keep his home and offered to repurchase the Property with a $50,000 down payment; however, Defendant declined. The Property was foreclosed and sold to U.S. Bank.

In the first amended complaint, Plaintiff asserted causes of action for breach of the HAMP Agreement in his capacity as a third-party beneficiary, breach of the loan modification agreement, and violation of the Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.* ("UCL"). He seeks damages as well as declaratory and injunctive relief.

Defendant filed a motion to dismiss for failure to state a claim upon which relief can be granted. A Rule 12(b)(6) motion tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984); *see Neitzke v. Williams*, 490 U.S. 319, 326 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law"). Alternatively, a complaint may be dismissed where it presents a cognizable legal theory yet fails to plead essential facts under that

theory. *Robertson*, 749 F.2d at 534. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks, brackets and citations omitted). In reviewing a motion to dismiss under Rule 12(b)(6), the court must assume the truth of all factual allegations and must construe them in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). Legal conclusions need not be taken as true merely because they are cast in the form of factual allegations. *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987); *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). Similarly, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. Fed. Deposit Ins. Corp.*, 139 F.3d 696, 699 (9th Cir. 1998).

Defendant argues that the first amended complaint failed to correct the pleading defects noted in the order dismissing the complaint with leave to amend. "[B]ecause Plaintiff did not allege whether he contacted Defendant in reference to the modification and because it [was] unclear from the allegations whether Defendant considered Plaintiff's loan for modification at all, Plaintiff . . . alleged insufficient facts to state a claim for breach of the [HAMP] Agreement" (Order at 10), but was granted leave to amend. In the first amended complaint, Plaintiff alleged that he requested loan modification pursuant to the HAMP Agreement from Defendant in August 2009 and continued to request it throughout this litigation. (First Am. Compl. at 5.) He also alleged that Defendant failed to consider his loan under the guidelines pertaining to the HAMP Agreement. (*Id.* at 8.) Plaintiff therefore corrected the pleading defects noted in the Order.

In addition, Defendant argues that Plaintiff did not sufficiently allege breach of the HAMP Agreement because he did not allege that Defendant had obtained the necessary consents and waivers to modify the loan. According to the HAMP Agreement, excepted from Defendant's obligation to modify are the loans for which Defendant is unable to obtain the necessary consents and waivers or where the modification is prohibited by a prior contract.

(First Am. Compl. Exh. 1, HAMP Agreement, ¶2(B).)  While Plaintiff alleged that the current investor on his loan allows loan modification (First Am. Compl. at 4), he did not allege whether Defendant was able to obtain the necessary consents and waivers.  Plaintiff need not include this allegation to state a claim.  The HAMP Agreement places the burden of seeking the consents and waivers on Defendant.  (HAMP Agreement, ¶ 2(A).)  If Defendant complied with its duty to "use reasonable efforts to obtain all third party consents and waivers" but was unsuccessful, it may plead it as a defense to breach of contract.

Next, Defendant contends Plaintiff's claim that Defendant breached the loan modification agreement "undermines" Plaintiff's claim that Defendant breached the HAMP Agreement.  Even if the two claims are inconsistent with each other, as Defendant claims, this is not fatal to the complaint.  Federal Rules of Civil Procedure allow for pleading of inconsistent claims.  Fed. R. Civ. Proc. 8(d)(3).

Defendant also maintains that Plaintiff inadequately alleged that the parties entered into a loan modification agreement because Defendant's offer merely showed that settlement negotiations were ongoing.  Plaintiff alleged that Defendant's counsel e-mailed the following offer to Plaintiff's counsel:

> Just got word from Wells that it can offer the following loan modification to Marques:
> * 3 month initial mod with payments of $2,284.35 with a review for full modification after successful completion of the plan.
> * The payments are based off of an interest rate reduction to 2.000% for the remaining term of 324 months and waiving all delinquent interest.
> * The first payment for the initial mod will likely be due 12/01/2009.
> Also, with any mod agreement, your client would have to sign a release of all claims against Wells Fargo.  Let me know if this works and I'll tell Wells to get the docs prepared.

(First Am. Compl. at 6.)

Like any other agreement, a party may assert a breach of contract action for breach of a settlement agreement.  *See Harris v. Rudin, Richman & Appel*, 74 Cal. App. 4th 299 (1999).

> Whether a writing constitutes a final agreement or merely an agreement to make an agreement depends primarily upon the intention of the parties.  In the absence of ambiguity this must be determined by a construction of the instrument taken as a whole.  The objective intent as evidenced by the words of the instrument, not the parties' subjective intent, governs our interpretation. [¶]  Where the writing at issue shows no more than an intent to further reduce the informal writing to a more formal one the failure to follow it with a more formal writing does not negate the

>existence of the prior contract.  However, where the writing shows it was not intended to be binding until a formal written contract is executed, there is no contract.

*Id*. at 307 (internal quotation marks and citations omitted).

Defendant's offer contains specific terms for loan modification.  It was specific enough to enable Plaintiff to begin performing by sending Defendant the first payment.  (First Am. Compl. at 7.)  Furthermore, the reference to further documentation to be prepared does not evince any intent that drafts of the agreement would be circulated for discussion, as if often the case with agreements to agree, but rather that the final documentation would contain the terms listed in Defendant's offer.  The only condition stated in the offer which had to be cleared before an agreement was created was Plaintiff's acceptance of the stated terms.  Plaintiff accepted the offer.  (*Id*. at 6.)  Plaintiff therefore sufficiently alleged for purposes of a Rule 12(b)(6) motion that the parties entered into a loan modification agreement.

Defendant also suggests that the agreement is unenforceable for lack of consideration.  Consideration is a "bargained-for exchange" whereby "a performance or a return promise must be bargained for," which means that "it is sought by the promisor in exchange for his promise and is given by the promisee in exchange for that promise."  *Jara v. Suprema Meats, Inc.*, 121 Cal. App. 4th 1238, 1249-50 (2004) (*quoting* Restatement (Second) of Contracts § 71).

>Any benefit conferred, or agreed to be conferred, upon the promisor, by any other person, to which the promisor is not lawfully entitled, or any prejudice suffered, or agreed to be suffered, by such person, other than such as he is at the time of consent lawfully bound to suffer, as an inducement to the promisor, is a good consideration for a promise.

Cal. Civ. Code § 1605 ; *see also Jara*, 121 Cal. App. 4th at 1249 (*citing* Cal. Civil Code § 1605).  Here, in its offer Defendant asked for a release of all claims against Defendant in exchange for loan modification. (First Am. Compl. at 6.)  Plaintiff agreed. (*Id*.)  Accordingly, Plaintiff sufficiently alleged that the loan modification agreement is supported by consideration.

For the first time in its reply brief, Defendant argues that the loan modification agreement is unenforceable pursuant to the statute of frauds.  (Reply at 8-9.)  This issue was not briefed in Defendants' moving papers and Plaintiff therefore did not have an opportunity to respond.  Parties should not raise new issues for the first time in their reply briefs. *See Zamani v. Carnes*,

491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief."). The statute of frauds issue therefore will not be addressed at this time.

Defendant further argues that Plaintiff's UCL claim should be dismissed for the same reasons his breach of contract claims should be dismissed. Plaintiff alleged that Defendant violated the Unfair Competition Law (First Am. Compl. at 10), which prohibits unlawful, unfair or fraudulent business acts or practices. Cal. Bus. & Prof. Code § 17200. "[I]t establishes three varieties of unfair competition - acts or practices which are unlawful, or unfair, or fraudulent." *Cal-Tech. Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal.4th 163, 180 (1999). "An unlawful business practice under section 17200 is an act or practice, committed pursuant to a business activity, that is at the same time *forbidden by law*." *Progressive W. Ins. Co. v. Yolo County Super. Ct. (Preciado)*, 135 Cal. App. 4th 263, 287 (2006) (emphasis in original). Plaintiff alleged in part that Defendant's practice was "unlawful" based on the breach of contact claim. (First Am. Compl. at 10.) Because the breach of contract claim survived Defendant's motion to dismiss, the argument to dismiss the UCL claim is rejected.

Based on the same argument, Defendant contends that the declaratory relief claim should be dismissed as well. This contention is rejected for the same reason it is rejected with respect to the UCL claim.

Based on the foregoing, Defendant's motion to dismiss the first amended complaint is **DENIED**.

**IT IS SO ORDERED.**

DATED: May 23, 2011

_____
M. James Lorenz
United States District Court Judge

COPY TO:

HON. RUBEN B. BROOKS
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL