UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADEMAR A. MARQUES,<br><br>　　　　　　Plaintiff,<br>v.<br>WELLS FARGO HOME MORTGAGE, INC.,<br><br>　　　　　　Defendant. | Civil No. 09-cv-1985-L(RBB)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIM [DOC. 58]** |

On September 9, 2009, Defendant Wells Fargo Home Mortgage, Inc. removed this mortgage-foreclosure action to this Court. On June 6, 2011, Defendant filed a counterclaim against Plaintiff Ademar A. Marques for slander of title and abuse of process. (Doc. 53.) Defendant's counterclaim is based on the allegation that Plaintiff's notices of *lis pendens* recorded against the real property involved in this action were not statutorily authorized. Plaintiff now moves to dismiss the counterclaim in its entirety. Defendant opposes.

The Court found this motion suitable for determination on the papers submitted and without oral argument. *See* Civ. L.R. 7.1(d.1). (Doc. 74.) For the following reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's motion to dismiss.

//

## I. BACKGROUND

In September 2005, Plaintiff took out a $488,166.42 loan with Centex Home Equity Co., LLC to refinance the property located at 4431 Paola Way, San Diego, CA 92117 ("subject property"). (Counterclaim ¶¶ 1, 13 [Doc. 53].) The loan was secured by a Deed of Trust, and Defendant subsequently became the servicer on the loan. (*Id.* ¶¶ 13–14.)

Beginning March 2008, Plaintiff became delinquent on the loan. (Counterclaim ¶ 15.) After informing Plaintiff of his defaults, Defendant began the process of foreclosing on the subject property. (*Id.*)

On July 27, 2009, Plaintiff filed a complaint in San Diego Superior Court, asserting three causes of action: (1) breaches of written contracts; (2) declaratory relief; and (3) unlawful and unfair acts and practices. (Doc. 1.) Defendant then removed this action to this Court. (*Id.*) On August 30, 2010, Plaintiff filed a First Amended Complaint ("FAC") asserting the same three causes of action in the original complaint. (Doc. 15.)

Due to Plaintiff's "longstanding inability to cure the defaulted amount on the Loan," the subject property was sold at a Trustee's Sale to U.S. Bank. (Counterclaim ¶ 19.) On March 30, 2010, the Trustee recorded its Deed Upon Sale showing the transfer of the subject property's title to U.S. Bank. (*Id.*) And on May 6, 2010, U.S. Bank commenced an unlawful-detainer action against Plaintiff in San Diego Superior Court. (*Id.* ¶ 23.) Eventually, Plaintiff stipulated to a judgment in that action in favor of U.S. Bank, which allowed him to remain in possession of the subject property until October 4, 2010. (*Id.* ¶ 24.) Later, U.S. Bank granted Plaintiff a one-month extension to remain on the subject property. (*Id.*)

Despite agreeing to vacate the subject property, Plaintiff filed an *ex parte* application for a temporary restraining order ("TRO") to prevent the enforcement of the stipulated judgment. (Counterclaim ¶ 25.) The Court granted Plaintiff's TRO application. (Doc. 23.) However, on November 10, 2011, the Court denied Plaintiff's request for a preliminary injunction, and dissolved and vacated the TRO. (Doc. 29.) In that order, the Court also suggested that none of Plaintiff's claims in the complaint could affect U.S. Bank's title to or possession of the subject property. (November 11, 2011 Order 7:25–8:16 [Doc. 29].)

On December 9, 2010, Plaintiff recorded a *lis pendens* against the subject property. (Counterclaim ¶ 29.) Defendant alleges that Plaintiff recorded this *lis pendens* "in an improper attempt to gain leverage over [Defendant] in the pending lawsuit between the parties." (*Id.* ¶ 30.) Defendant also alleges that Plaintiff did not serve it prior to recording the *lis pendens*, did not file the *lis pendens* with the Court immediately after recording it against the subject property, and did not record a certificate of service. (*Id.* ¶ 31.)

On January 10, 2011, a third party reached an agreement with Defendant to purchase the subject property for $365,000. (Counterclaim ¶ 32.) On the same day, the listing agent informed Defendant that a *lis pendens* had been recorded against the subject property, which Defendant had not been aware of. (*Id.* ¶ 33.) The notice stated, in part, that this action "affects title to and/or possession of" the subject property. (Renewed Notice of Pendency [Doc. 51].) Defendant alleges that "[a]s a direct result of the wrongfully recorded First *Lis Pendens*, the Subject Property fell out of escrow and the transaction did not close," thereby preventing it from collecting $365,000 in proceeds. (*Id.* ¶¶ 33, 45.) Defendant further alleges that "[o]ther sales have likely been defeated as well." (*Id.* ¶ 46.)

On May 23, 2011, Defendant filed a motion to expunge the *lis pendens*. (Doc. 47.) Shortly thereafter, Plaintiff voluntarily withdrew the *lis pendens*. (Doc. 50.) But immediately after withdrawing it, Plaintiff recorded a renewed *lis pendens* against the subject property. (Doc. 51.) Eventually, the Court granted the motion to expunge. (Doc. 69.) In that order, the Court found the following:

> First, U.S. Bank is the current owner of the [Subject] Property, but is not a party to this action. Plaintiff has not provided any legal authority or argument to support the proposition that any of the claims he alleged in this action against Defendant[] could result in a judgment unwinding the sale to U.S. Bank or that any relief ordered in this action would be binding on U.S. Bank.
>
> Second, in the unlawful detainer action by U.S. Bank against Plaintiff, Plaintiff stipulated to a judgment giving up his right to possession of the [Subject] Property. U.S. Bank's right to possession was based entirely on the title it acquired in the foreclosure sale . . . .
>
> Based on the foregoing, even if the claims Plaintiff asserts against Defendant in this action are meritorious, they cannot affect the "title to, or the right to possession of" the [Subject] Property.

(July 25, 2011 Order 3:16–4:6 [Doc. 69] (citations and footnotes omitted).)

On June 6, 2011, Defendant filed a counterclaim asserting causes of action for slander of title and abuse of process. (Doc. 53.) Plaintiff now moves to dismiss the counterclaim in its entirety. (Doc. 58.) Defendant opposes. (Doc. 72.)

## II. LEGAL STANDARD

The court must dismiss a cause of action for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n.*, 720 F.2d 578, 581 (9th Cir. 1983). All material allegations in the complaint, "even if doubtful in fact," are assumed to be true. *Id.* The court must assume the truth of all factual allegations and must "construe them in light most favorable to the nonmoving party." *Gompper v. VISX, Inc.*, 298 F.3d 893, 895 (9th Cir. 2002); *see also Walleri v. Fed. Home Loan Bank of Seattle*, 83 F.3d 1575, 1580 (9th Cir. 1996).

The Supreme Court has explained that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). Instead, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Id.* at 555. A complaint may be dismissed as a matter of law either for lack of a cognizable legal theory or for insufficient facts under a cognizable theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984).

Generally, courts may not consider material outside the complaint when ruling on a motion to dismiss. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). However, courts may consider documents specifically identified in the complaint whose authenticity is not questioned by parties. *Fecht v. Price Co.*, 70 F.3d 1078, 1080 n.1 (9th Cir. 1995) (superceded by statutes on other grounds). Moreover, courts may consider the full text of those documents, even when the complaint quotes only selected

portions. *Id.* The court may also consider material properly subject to judicial notice without converting the motion into one for summary judgment. *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994).

## III. DISCUSSION

### A. Defendant Sufficiently Pleads Slander of Title.

Defendant's cause of action for slander of title is based on the allegation that Plaintiff's notices of *lis pendens* recorded against the subject property were not statutorily authorized. "A lis pendens is a recorded document giving constructive notice that an action has been filed affecting title or right to possession of the real property described in the notice." *Park 100 Inv. Grp. II v. Ryan*, 180 Cal. App. 4th 795, 807 (2009). To recover for slander of title, Defendant must show: (1) a publication, (2) which is without privilege or justification, (3) which is false, and (4) which causes direct and immediate pecuniary loss. *Manhattan Loft, LLC v. Mercury Liquors, Inc.*, 173 Cal. App. 4th 1040, 1051 (2009). Plaintiff only challenges the second and third elements of this cause of action, arguing that Defendant fails to allege an absence of privilege and falsity.[1] The Court disagrees.

#### 1. Plaintiff's *Lis Pendens* Were Not Privileged.

With certain exceptions, California Civil Code § 47(b) provides an absolute privilege for a publication filed in a judicial proceeding. *Alpha & Omega Dev., LP v. Whillock Contracting, Inc.*, No. D058445, 2011 WL 5176681, at *4 (Cal. App. 4 Dist. Nov. 2, 2011). "The purposes of [§ 47(b)] are to afford litigants and witnesses free access to the courts without fear of being harassed subsequently by derivative tort actions, to encourage open channels of communication and zealous advocacy, to promote complete and truthful testimony, to give finality to judgments, and to avoid unending litigation." *Rusheen v. Cohen*, 37 Cal. 4th 1048, 1063 (2006).

---

[1] Plaintiff also challenges Defendant's cause of action for abuse of process. However, Defendant has chosen to abandon this cause of action. (Def.'s Opp'n 2:25–28 [Doc. 64].) Accordingly, the Court **GRANTS** Plaintiff's motion with respect to that cause of action.

California Civil Code § 47(b)(4) sets forth one such exception to the absolute privilege governing the recording of *lis pendens*. Section 47(b)(4) provides that "[a] recorded lis pendens is not a privileged publication unless it identifies an action previously filed with a court of competent jurisdiction which affects the title or right of possession of real property, as authorized by law." Thus, the privilege codified in § 47(b) applies if the *lis pendens* (1) identifies an action "previously filed" in a court of competent jurisdiction that (2) affects the title or right to possession of real property. Cal. Civ. Code. § 47(b)(4).

Similarly, "if the pleading filed by the claimant in the underlying action does not allege a real property claim, or the alleged claim lacks evidentiary merit, the lis pendens, in addition to being subject to expungement, is not privileged." *Park 100 Inv. Grp. II*, 180 Cal. App. 4th at 813 (internal quotation marks omitted). A "real property claim" means the cause or causes of action in a pleading which would, if meritorious, affect title to, or the right to possession of, specific real property. *Id.* at 808 (citing Cal. Civ. Proc. Code § 405.4).

The key to determining whether an absolute privilege applies to Plaintiff's *lis pendens* is to first determine whether Plaintiff asserts any causes of action that could affect the title to or right to possession of the subject property. Here, Plaintiff does not assert any such causes of action. U.S. Bank acquired title to the subject property in a Trustee's Sale, and Plaintiff transferred his possessory interest in the subject property to U.S. Bank. Thus, as the Court has already found, none of the causes of action that Plaintiff asserts could have any effect on U.S. Bank's title to or right to possession of the subject property. Given that none of Plaintiff's causes of action could possibly affect U.S. Bank's title to or possession of the subject property, the FAC does not contain any real-property claims and Plaintiff is not entitled to the § 47(b) absolute privilege. Consequently, Defendant successfully demonstrates that Plaintiff's *lis pendens* is without privilege, thereby satisfying that element for its slander-of-title action.

//
//
//
//

### 2. Plaintiff's *Lis Pendens* Were False When Published.

Actionable conduct for slander of title is not based on whether a legal cloud has been created on the owner's title, but whether the person creating a cloud on title could reasonably foresee that the false publication might determine the conduct of a third-person lender, buyer or lessee. *Truck Ins. Exch. v. Bennett*, 53 Cal. App. 4th 75, 84 (1997); *see also Seeley v. Seymour*, 190 Cal. App. 3d 844, 858 (1987). As defined above, "[a] lis pendens is a recorded document giving constructive notice that an action has been filed affecting title or right to possession of the real property described in the notice." *Park 100 Inv. Grp. II*, 180 Cal. App. 4th at 807.

In recording a notice of *lis pendens*, Plaintiff explicitly asserted that this action may affect the title or right to possession of the subject property. (Renewed Notice of Pendency.) However, such an assertion is unequivocally false. As discussed above, none of the causes of action that Plaintiff asserts could have any effect on U.S. Bank's title to or right to possession of the subject property because U.S. Bank acquired title to the subject property in a Trustee's Sale, and Plaintiff transferred his possessory interest in the subject property to U.S. Bank. Given that the reality of the situation is in direct conflict with Plaintiff's assertion in the *lis pendens*, Defendant successfully identifies a false publication by Plaintiff, and sufficiently alleges the falsity element for slander of title.

### B. U.S. Bank Is Not a Necessary Party to the Counterclaim.

"Rule 19 of the Federal Rules of Civil Procedure sets forth considerations to guide a district court's determination whether a particular party should be joined in a suit if possible, referred to as a 'necessary party,' and, if so, whether, if the party cannot be joined, the suit should be dismissed because the absent party is 'indispensable.'" *Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 878 (9th Cir. 2004) (citations omitted). A party moving to dismiss for failure to join a party under Rule 19 bears the burden of demonstrating that dismissal or joinder is appropriate. *Makah Indian Tribe v. Verity*, 910 F.2d 555, 558 (9th Cir. 1990). The failure to join a party under Rule 19 can only lead to dismissal of a suit where the court cannot obtain jurisdiction over the necessary party and that party is determined to be

indispensable to the action. Fed. R. Civ. P. 19(b).

A party is necessary if: (1) complete relief cannot be granted in the party's absence; or (2) the district court determines that "the absent party's participation is necessary to protect its legally cognizable interests or to protect other parties from a substantial risk of incurring multiple or inconsistent obligations because of those interests." *Disabled Rights Action Comm.*, 375 F.3d at 880; *see also* Fed. R. Civ. P. 19(a). Such a legally cognizable interest must be more than a financial stake in the outcome of the litigation. *Makah Indian Tribe*, 910 F.2d at 558. If the necessary party cannot be joined, the court must then determine whether the party is indispensable. *Kescoli v. Babbitt*, 101 F.3d 1304, 1309 (9th Cir. 1996).

Here, Plaintiff has completely failed to meet his burden of demonstrating that dismissal is appropriate. He argues that U.S. Bank is a "required party" because the Court's ruling on the counterclaim may affect U.S. Bank's "alleged interest in the property." (Pl.'s Mot. 6:19–28 [Doc.58].) Plaintiff fails to elaborate any further. (*See id.*) To the contrary, as the Court has already repeated several times, none of the causes of action that Plaintiff asserts could have any effect on U.S. Bank's title to or right to possession of the subject property. Defendant's counterclaim merely seeks to recover damages allegedly caused by Plaintiff's recording of a *lis pendens* against the subject property. Furthermore, dismissal is only appropriate once the Court determines a party is necessary *and* indispensable. *See* Fed. R. Civ. P. 19(b). Plaintiff does not address whether U.S. Bank is an indispensable party. Therefore, dismissal of the counterclaim for failure to join a required party is not warranted.[2]

//
//
//
//
//

---

[2] Plaintiff also fails to address any of Defendant's arguments in his Reply. He merely appends "fail[ure] to join a required party" to the conclusion. (Pl.'s Reply 4:4 [Doc. 73].) Consequently, it may be that Plaintiff has abandoned this argument.

## IV.   CONCLUSION & ORDER

In light of the foregoing, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's motion to dismiss Defendant's counterclaim. (Doc. 58.) Specifically, the Court:

(1) **GRANTS** the motion with respect to the abuse-of-process cause of action, and accordingly, **DISMISSES** it from this case; and

(2) **DENIES** the motion with respect to the slander-of-title cause of action.

**IT IS SO ORDERED.**

DATED: November 10, 2011

_____
M. James Lorenz
United States District Court Judge

COPY TO:

HON. RUBEN B. BROOKS
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL